# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:

Jo Ann Monson,                                              Bky. Case No. 15-40518
                                                                 Chapter 7

        Debtor.

---

## NOTICE OF SETTLEMENT OR COMPROMISE

---

To: The United States Trustee, all creditors and other parties in interest.

On, **August 27, 2015** or as soon thereafter as the transaction may be completed, the undersigned Trustee of the estate of the Debtor named above will settle a controversy as follows:

The trustee has agreed to accept $8,786.65 in settlement of the Debtor's non-exempt in tax refunds and vehicles. The Debtor filed for bankruptcy utilizing non-federal exemptions available under 11 U.S.C. 522(b)(3), colloquially known as "state exemptions". Non-exempt assets included 2014 state and federal tax refunds totaling $5,207, and the non-exempt portion of the equity in a 2010 Suburban and 2012 Harley Davidson motorcycle. The 2010 Suburban was sold for $11,750 to H & L Motors and the 2012 Harley Davidson was sold for $20,000 to Apol's Harley Davidson. The two vehicles were jointly subject to a $22,953.35 debt owed to Concorde Bank. After charging a $10 bank fee for the cashier's check, Concorde Bank distributed $8,786.65 to the bankruptcy estate. The Debtor was entitled to a $4,600 exemption in the 2010 Suburban. However, the Trustee and the Debtor have agreed that the bankruptcy estate may retain the entire $8,786.65, and that the Debtor would waive her right to exempt the $4,600 in equity in the 2010 Suburban in exchange for the Trustee waiving his right to collect $5,207 in non-exempt 2014 tax refunds. The Trustee believes this settlement is in the best interest of the estate because it avoids the collection cost and risk that would arise if he were to turnover the $4,600 in exempt funds and then try collect the non-exempt tax refunds which, on information and belief, had been received and largely if not entirely disbursed by the Debtor. If this agreement is not approved by the bankruptcy court, the Trustee shall be entitled to reassert any and all claims

**OBJECTION: MOTION: HEARING**. Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If any objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the U. S. Trustee.

| | | |
|---|---|---|
| Clerk of Court | United States Trustee | Trustee |
| United States Bankruptcy Court | 1015 U S Courthouse | (See address below) |
| 301 U.S. Courthouse | 300 So. 4th St. | |
| 300 S 4th St. | Minneapolis, MN 55415 | |
| Minneapolis, MN 55415 | | |

Dated: August 3, 2015                                                    /e/ Erik A. Ahlgren
                                                                                        Erik A. Ahlgren, Trustee
                                                                                        220 W Washington Ave, Ste 105

Fergus Falls, MN  56537
218-998-2775
trustee@prtel.com